UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MERCHANTS BANK OF INDIANA, | ) |
| | ) |
| Plaintiff / | ) |
| Counterclaim | ) |
| Defendant, | ) |
| | ) |
| v. | ) No. 1:21-cv-02669-JRS-MG |
| | ) |
| NORMA CURBY, | ) |
| | ) |
| Defendant / | ) |
| Counterclaim | ) |
| Plaintiff. | ) |

**Order on Motion for Award of Attorneys' Fees and
Motion for Entry of Rule 58(a) Judgment**

**I.     Introduction**

This is the end of a banking breach of contract case.  The Court granted partial summary judgment in favor of Merchants Bank by Order of November 3, 2022.  (ECF No. 55.) That disposed of Merchants' "Count III" and Curby's counterclaim. The parties then stipulated to voluntary dismissal of "Count I" and "Count II," which the Court granted by Order of November 23, 2022.  (ECF No. 64.)  Thus all claims have been disposed of, and this case is ready for final judgment.  The only remaining issues are attorney fees, costs, and prejudgment interest.  Now before the Court are Merchants' Motion for Award of Attorneys' Fees, (ECF No. 60), and Merchants' Motion for Entry of Final Judgment, (ECF No. 61).

## II.   Costs

"[C]osts—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Here, Merchants as the prevailing party is entitled to its costs: the $402 filing fee.

## III.   Attorney Fees

Merchants has made a properly supported motion for attorney fees. Fed. R. Civ. P. 54(d)(2). It seeks $126,918.50 in fees and $716.87 in expenses. The "grounds entitling the movant to the award," Fed. R. Civ. P. 54(d)(2)(B)(ii), Merchants argues, is a provision in the parties' contract, which says the account holder "will be liable" for "reasonable attorneys' fees . . . whether incurred as a result of collection or in any other dispute involving [the] account." (Kelley Aff. 13, ECF No. 47-2.)

In Indiana, "[p]arties to litigation generally pay their own attorney's fees but may agree by contract to do otherwise." *Franciscan All. Inc. v. Metzman*, 192 N.E.3d 957, 967 (Ind. Ct. App. 2022) (citing *Reuille v. E.E. Brandenberger Const., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008)). "[A] contractual provision agreeing to pay attorney's fees . . . is enforceable according to its terms unless the contract conflicts with law or public policy." *Id.*

Here, then, Merchants' contractual fee-shifting provision will be enforceable according to its terms. This case was a "dispute involving [Curby's] account," so Merchants' shall be entitled to its "reasonable attorneys' fees." (Kelley Aff. 13, ECF No. 47-2.) "What constitutes a reasonable attorney's fee is a matter largely within

the trial court's discretion. . . . [T]he court may consider such factors as the hourly rate and the difficulty of the issues." *Franciscan*, 192 N.E.3d at 968.

Merchants' attorneys have provided their monthly invoices—not, incidentally, a useful presentation for the Court's examination and analysis—which show that they spent 332 hours on this matter over the year and a half since the conflict arose; the effective blended rate Merchants paid for legal services comes out to roughly $382 per hour. (Waller Aff., ECF No. 60-1.)

The hourly rate is in line with the regional market.

The hours seem high. This was not a difficult case. All Merchants needed to prove its case was its contract with Curby and documentary evidence of the transfers relevant to the overdraft. Liability was clear cut. Curby allegedly admitted it herself soon after the overdraft occurred. (Compl. ¶¶ 39, 41, ECF No. 1.) While Curby's subsequent obstruction no doubt greatly protracted the case, it did not need to dictate all of Merchants' counsel's strategy. (*Contra* Waller Aff. ¶ 8, ECF No. 60-1 (averring Curby "pursued a litigation strategy that resulted in Merchants' having to incur attorneys' fees significantly in excess of those it would have incurred in a straightforward collections case.")) Merchants' counsel, for instance, include a May 2022 invoice for 42.9 hours spent mostly in the preparation of a motion to dismiss Curby's counterclaim. (That motion was later withdrawn and folded into a largely duplicative motion for summary judgment.) But Merchants was never close to facing liability on the counterclaim, which was creative at best. And had the motion to dismiss succeeded, it would have disposed of the counterclaim only and left

3

Merchants in the same position as before; a summary judgment motion was going to be necessary anyway. The hours spent on the motion to dismiss were wasted.

Then, on summary judgment, Merchants' counsel spent 86.4 hours on an August invoice and 90.5 hours on a September invoice. Those invoices include entries like "[w]ork regarding Saunders affidavit and summary judgment motion; teleconference with opposing counsel regarding revised CMP deadlines and email to courtroom deputy regarding same" for 7.2 hours and "[e]xtensive revisions to summary judgment materials (brief, supporting affidavits, and exhibits) [two hour reduction]" for 6.9 hours, with another 6 hours of partner time on "[i]ntensive drafting and editing of brief in support of summary judgment; prepare summary of argument for summary judgment brief; periodic analysis, with D. Kelley, re same; review court notice related to Monday's status conference; complete draft of MSJ brief; prepare email to Oznick/Bostian." (ECF 60-1.) The result? A 32-page brief, of which two pages are caption and signature; two pages are unnecessary information about clearinghouse rules; nine pages are factual recitations more or less recycling the allegations of the complaint (this not being a fact-intensive case); eleven pages are legal argument; and eight pages are rebuttal of Curby's flailing counterclaim (again recycling the abortive motion to dismiss). The Court does not find it reasonable to have spent nearly 180 hours—more than four full-time weeks of work—to produce a brief of this scope.

Merchants' counsel avers he has "handled many straightforward collections cases," of which, beneath the obfuscation, this was one. (Waller Aff. ¶ 7, ECF No. 60-1.) The Court is not persuaded that the nature of the case (or Curby's tactics) justify

4

attorney fees that amount to roughly half of Merchants' own recovery. Nor does the Court agree that the fees are presumptively reasonable because Merchants agreed to pay them. There is a moral hazard where Merchants is paying fees it expects eventually to recover from the account-holder pursuant to its fee-shifting provision. It has less incentive to keep its fees low and its strategy efficient when someone else bears the cost.

The Court will award attorney fees in a reduced amount commensurate with its reasoning above. Forty-two and nine tenths (42.9) hours—representing the superfluous motion to dismiss—will be reduced by 50 percent at the overall blended rate, and the remaining fee will be reduced by 20 percent to account for the inefficiencies the Court finds in the remaining fee entries. *Cf. HyperQuest, Inc. v. N'Site Sols., Inc.*, 632 F.3d 377, 387 (7th Cir. 2011) (upholding 32% reduction in fee award for fully successful counsel); *Prather v. Sun Life & Health Ins. Co. (U.S.)*, 852 F.3d 697, 700 (7th Cir. 2017) (reducing awarded fees by 18% for full success); *Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir. 2014) (upholding 50% reduction in fee award for partial success); *Koch v. Jerry W. Bailey Trucking, Inc.*, 51 F.4th 748, 758 (7th Cir. 2022) (upholding 55% reduction in fee award for partial success); The final "reasonable" fee is $88,414,79. Expenses of $716.87 are reasonable.

### IV.   Prejudgment Interest

In Indiana,

> An award of prejudgment interest in a contract action is appropriate purely as a matter of law when the breach did not arise from tortious conduct, the amount of the claim rests on a simple calculation, and the

5

>   trier of fact does not need to exercise its judgment to assess the amount of damages.

*Five Star Roofing Sys., Inc. v. Armored Guard Window & Door Grp., Inc.*, 191 N.E.3d 224, 240 (Ind. Ct. App. 2022), *reh'g denied*, (Aug. 3, 2022). "Prejudgment interest is computed from the time the principal amount was demanded or due," *id.* (citing *J.S. Sweet Co. v. White Cnty. Bridge Comm'n*, 714 N.E.2d 219, 225 n.5 (Ind. Ct. App. 1999)), at a rate of eight percent unless the parties have agreed otherwise, *id.* (citing Ind. Code § 24-4.6-1-102).

This was a straightforward breach of contract case. Merchants' damages—the $226,994.50 shortfall from the reversed provisional credit to Curby's account, less $12.21 in accrued interest paid to Curby in the weeks following—are the sum certain of $226,982.29. By the terms of the parties' contract, liabilities for overdrafts are "due immediately." (Kelley Aff. 13, ECF No. 47-2.) Merchants seeks prejudgment interest from February 26, 2021, the date on which it paid Curby her interest and the account reached its final balance.

The Court finds that prejudgment interest is appropriate here. At an eight percent annual rate, interest on $226,982.29 accrues at a rate of $49.75 per day. There have been 686 days between February 26, 2021, and today, January 13, 2023, yielding a total accrued prejudgment interest of $34,128.19.

### V.   Conclusion

All claims have been disposed of, and Merchants is entitled to final judgment in its favor. Merchants' Motion for Entry of Judgment, (ECF No. 61), is **granted in**

**part**, subject to the reduction in attorney fees discussed above, and Merchants' Motion for Award of Attorneys' Fees, (ECF No. 60), is likewise **granted in part.**

The judgment, to issue separately, will include:

$226,982.29 in actual damages;

$402 in costs;

$97,331.67 in "reasonable" attorney fees and expenses; and

$34,128.19 in prejudgment interest.

All pretrial and trial dates will be vacated by the entry of judgment.

**SO ORDERED.**

Date: 01/13/2023

*[signature]*

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.